

The following constitutes the order of the Court.
Signed: March 16, 2023

_____
**Stephen L. Johnson**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: <br><br> **SUSAN BERECZKY**, <br><br> Debtor. | Case No. 22-50906 SLJ |
| **ILDIKO DIHEN**, <br><br> Plaintiff, <br><br> v. <br><br> **SUSAN BERECZKY**, Debtor, <br><br> Defendant. | A.P. No. 23-5001 SLJ |

**ORDER GRANTING MOTION TO DISMISS FIRST AND SECOND
CLAIMS FOR RELIEF AND MOTION TO STRIKE**

Plaintiff Ildiko Dihen filed a Complaint to Determine Dischargeability and [] Objection to Discharge ("Complaint") commencing the above-captioned adversary proceeding. She seeks to deny Defendant Susan Bereczky's discharge in the underlying Chapter 7[1] bankruptcy case.

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. All "Civil Rule" references are to the Federal Rules of Civil Procedure and all "Bankruptcy Rule" references are to the Federal Rule of Bankruptcy Procedure. "Civil L.R." and "B.L.R." references refer to the applicable Civil Local Rules and Bankruptcy Local

Plaintiff says Defendant should not receive a discharge, or, in the alternative, her debt to Plaintiff should be deemed non-dischargeable because Defendant has made numerous knowingly false statements regarding her income and assets to this Court, the trustee, and creditors. Plaintiff also claims that Defendant failed to complete a required financial management course and did not explain satisfactorily the loss of her assets.

Defendant has filed a Motion to Dismiss and to Strike ("Motion"), seeking to dismiss the §§ 727(a)(4)(A) ("Claim One") and (a)(5) claims ("Claim Two"). Defendant says that those allegations fail to state any claim and fail to allege fraud with particularity. Defendant also seeks an order striking Paragraph 8 of Plaintiff's Complaint. Plaintiff did not file an opposition to Defendant's Motion.

This matter came on for hearing on March 14, 2023 at 1:30 p.m. Stanley Zlotoff, Esq. appeared for Defendant and Sruli Yellin, Esq. appeared for Plaintiff. During the hearing, Plaintiff's counsel stated that Plaintiff did not oppose Defendant's Motion to Dismiss Claim One and Claim Two as long as leave to amend was provided nor did it oppose Defendant's Motion to Strike Paragraph 8 of Plaintiff's Complaint.

I agree with Defendant and will dismiss Claim One and Claim Two of the Complaint with leave to amend. Plaintiff fails to state a claim under § 727(a)(4)(A) because her allegations that Defendant made knowingly false statements and failed to disclose her income for the two years prior to filing her bankruptcy petition and did not disclose her bank accounts, investment and retirement accounts, and businesses are not pled with particularity. Plaintiff also did not adequately plead the § 727(a)(5) claim because she fails to identify specific assets that Debtor allegedly lost. I cannot reasonably infer the existence of any assets with Plaintiff's general allegations in the Complaint. I will also grant Defendant's Motion to Strike Paragraph 8 of Plaintiff's Complaint.

---

Rules. "ECF" references are to the docket in this proceeding. "BK ECF" references are to the docket in the underlying bankruptcy case.

ORDER GRANTING MOTION TO DISMISS FIRST AND SECOND
CLAIMS FOR RELIEF AND MOTION TO STRIKE

-2-

# I. BACKGROUND

## A. Plaintiff's Complaint

Plaintiff filed the Complaint on January 4, 2023. ECF 1. Plaintiff is scheduled as a creditor in Defendant's Chapter 7 case. BK ECF 1. According to the Complaint, Defendant developed a friendship with Plaintiff by bonding over their shared Hungarian heritage and language. ECF 1 ¶ 9. Defendant borrowed nominal amounts from Plaintiff and promptly repaid those loans with interest. ECF 1 ¶ 10–11. On November 25, 2019, Defendant borrowed $75,000 from Plaintiff and promised to pay her back $95,000. ECF 1 ¶ 12. Defendant executed a promissory note confirming this agreement. ECF 1 ¶ 12. Defendant gave Plaintiff a series of undated checks totaling $95,000 but told Plaintiff to not cash the checks until Defendant instructed her to. ECF 1 ¶ 13.

As time passed, Defendant promised that she would repay the loans but failed to do so. She did not allow Plaintiff to cash any of the checks. ECF 1 ¶ 14–15. To this date, Defendant has not made any payments toward the debt. ECF 1 ¶ 15. On April 1, 2022, Plaintiff filed a state court action against Defendant alleging causes of action for fraud, breach of contract, and financial elder abuse. ECF 1 ¶ 16.

Defendant filed the underlying bankruptcy case on October 3, 2022. BK ECF 1. Plaintiff claims that Defendant's filing failed to disclose "hundreds of thousands of dollars" in income received in the two prior years before filing the bankruptcy petition. ECF 1. Plaintiff also says that Defendant did not disclose her bank accounts, investment or retirement accounts, or businesses in her bankruptcy petition. ECF 1. According to Plaintiff, Defendant made "these knowingly false statements . . . to mislead creditors and the trustee as to the [Defendant's] true financial condition." ECF 1.

Based on these allegations, Plaintiff asserts six claims.

## B. Defendant's Motion to Dismiss and to Strike

Defendant filed the Motion on February 6, 2023. ECF 5. Defendant says that Plaintiff's §§ 727(a)(4)(A) (Claim One) and (a)(5) claims (Claim Two) should be dismissed under Civil Rule 12(b)(6), for failure to state a claim, and Civil Rule 9(b), for failure to plead fraud with

particularity. ECF 5 ¶ 1. Defendant also seeks an order striking Paragraph 8 of Plaintiff's Complaint. ECF 1 ¶ 8.

First, Defendant argues that the Court should dismiss the § 727(a)(4)(A) claim because Plaintiff failed to plead with particularity and failed to give the "who, what, when, where, and how of the misconduct charged." ECF 5. Defendant claims that Plaintiff's allegations based on "information and belief" are not sufficient because she only provides generalizations rather than specific facts of how Defendant made false oaths. ECF 5. Second, Defendant argues that the Court should also dismiss the § 727(a)(5) claim because Plaintiff failed to identify the specific assets at issue. ECF 5. Third, Defendant seeks to strike Paragraph 8 of Plaintiff's Complaint because describing Defendant as a "con artist" that has "stolen hundreds of thousands of dollars" is immaterial to the substantive issues of the Complaint and the scandalous nature of the comment prejudices the Defendant's character in an unnecessary manner. ECF 5.

## II.  LEGAL STANDARD

A defendant may assert, by motion, the defense that the plaintiff has failed to state a claim upon which relief can be granted. Civil Rule 12(b)(6) (incorporated by Bankruptcy Rule 7012). At its heart, a motion to dismiss argues that even if the plaintiff is given every benefit of the doubt, the plaintiff's claim should be dismissed because it is unsupported by factual assertions or is otherwise not legally cognizable.

For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Courts generally "may not consider any material beyond the pleadings" when deciding a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, the court may consider material submitted with the complaint or relied upon in it and may also consider material subject to judicial notice. See *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

To state a claim for relief and survive a motion to dismiss, the pleading "does not need detailed factual allegations," but the "factual allegations must be enough to raise a right to relief

above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of the cause of action will not do." *Id.* The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citations omitted). The Ninth Circuit has summarized the governing standard as follows: "[F]or a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Civil Rule 9(b), applicable here under Bankruptcy Rule 7009, requires a party that alleges fraud to "state with particularity the circumstances constituting fraud[.] Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *See In re Craciun*, 2014 WL 2211742 at *5 (B.A.P. 9th Cir. May 28, 2014). A party alleging fraud must "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (citation omitted). Plaintiff's § 727(a)(4)(A) claim alleges fraud, so it must satisfy Civil Rule 9(b), while Plaintiff's § 727(a)(5) claim may be alleged generally. *In re Aseireh*, 526 B.R. 246 (Bankr. N.D. Ohio 2015).

When a complaint is dismissed by motion, "[l]eave to amend must be granted unless . . . the complaint's deficiencies cannot be cured by amendment. When amendment would be futile, however, dismissal may be ordered with prejudice." *Romero v. Countrywide Bank, N.A.*, 740 F. Supp.2d 1129, 1135 (N.D. Cal. 2010) (citations omitted).

**III. DISCUSSION**

A. <u>Plaintiff's § 727(a)(4)(A) Claim Must be Dismissed</u>

Section 727(a)(4)(A) says the court must grant Defendant a discharge unless they:

[K]nowingly and fraudulently . . . made a false oath or account; presented or used a false claim; gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or withheld from an officer of the estate entitled to possession under this title, any recorded

information, including books, documents, records, and papers, relating to the debtor's property or financial affairs[.]

The Ninth Circuit has discussed the nature and elements of a § 727(a)(4)(A) claim:

A false statement or an omission in the debtor's bankruptcy schedules or statement of financial affairs can constitute a false oath. The fundamental purpose of § 727(a)(4)(A) is to insure that the trustee and creditors have accurate information without having to conduct costly investigations. To prevail on this claim, a plaintiff must show, by a preponderance of the evidence, that: (1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently.

*In re Retz*, 606 F.3d 1189, 1196–97 (9th Cir. 2010).

Plaintiff fails to allege a § 727(a)(4)(A) claim. Plaintiff claims that Defendant's bankruptcy petition and schedules include false oaths because she did not disclose "hundreds of thousands of dollars in income" and "claimed barely any income for the last two years." ECF 1. Plaintiff also claims that Defendant failed to disclose her bank accounts, her investment or retirement accounts, and businesses. ECF 1.

These are thin and general allegations and do not provide Defendant with the particularity required under Civil Rule 9(b). The reference to missing income does not identify either the nature or source of the income. It is impossible to determine whether this income was earned, where it was earned, and its amount. Plaintiff's allegations are inconsistent with the record. Defendant in fact identified accounts at Wells Fargo Bank, Union Bank, e-Trade, Ameritrade, and Charles Schwab in her Schedules and Statement of Financial Affairs. BK ECF 1. If Plaintiff thinks that other accounts exist and have not been disclosed, Plaintiff must plead them with particularity to provide Defendant an opportunity to address that properly. Plaintiff also fails to state what specific businesses Defendant failed to disclose. This warrants dismissal of Plaintiff's § 727(a)(4)(A) claim.

B. <u>Plaintiff's § 727(a)(5) Claim Must be Dismissed</u>

Section 727 (a)(5) says I must grant Defendant a discharge unless he "has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities[.]" The Ninth Circuit has stated both the elements and the burden of proof in the context of § 727(a)(5):

> [A] objecting party bears the initial burden of proof and must demonstrate (1) debtor at one time, not too remote from the bankruptcy petition date, owned identifiable assets; (2) on the date the bankruptcy petition was filed or order of relief granted, the debtor no longer owned the assets; and (3) the bankruptcy pleadings or statement of affairs do not reflect an adequate explanation for the disposition of the assets.

*In re Retz*, 606 F.3d at 1205 (citations omitted).

Plaintiff does not plead a plausible § 727(a)(5) claim. Plaintiff claims that Defendant failed to disclose her income, bank account and investment account statements, and did not explain significant asset deficiencies in the bank statements. ECF 1. As Defendant points out in her Motion, Plaintiff fails to identify any specific assets that are lost or deficient to meet Defendant's liabilities. ECF 5. Similar to the § 727(a)(4)(A) claim, Plaintiff's allegations here are thin and general. Plaintiff does not identify what income she claims Defendant had before filing for bankruptcy and did not disclose, which assets are missing from bank accounts and investment accounts, and what businesses Defendant allegedly owned before. Plaintiff also claims that in reviewing the bank statements, "it is clear that [Defendant] failed to explain significant deficiencies" but fails to point any specific deficiencies that would allow me to infer that her § 727(a)(5) claim is plausible. Hence, Plaintiff's § 727(a)(5) claim is dismissed.

C. Paragraph 8 in Plaintiff's Complaint Is Stricken

Defendant requests that I strike Paragraph 8 of Plaintiff's Complaint for being immaterial and scandalous. During the hearing, Plaintiff's counsel stated that it did not oppose Defendant's Motion to Strike Paragraph 8 of Plaintiff's Complaint. Hence, I grant Defendant's request to strike Paragraph 8 of Plaintiff's Complaint.

D. Leave to Amend

I conclude that leave to amend is proper in this case. The allegations under the § 727(a)(4)(A) claim may be cured if Plaintiff meets the particularity requirement under Civil Rule 9(b). The allegations under § 727(a)(5) may be cured if Plaintiff identifies specific assets.

IV. CONCLUSION

Defendant's Motion to Dismiss claims §§ 727(a)(4)(A) and (a)(5) is GRANTED with leave to amend for Plaintiff to cure the pleading. Defendant's Motion to Strike Paragraph 8 of Plaintiff's Complaint is also GRANTED.

ORDER GRANTING MOTION TO DISMISS FIRST AND SECOND
CLAIMS FOR RELIEF AND MOTION TO STRIKE

1  Plaintiff may file an amended complaint no later than April 3, 2023. Defendant's
2  response to this Complaint or an amended complaint is due April 24, 2023.

**IT IS SO ORDERED.**

***\*\*\* END OF ORDER \*\*\****

**COURT SERVICE LIST**

[ECF Recipients]