Sruli Yellin (SBN 291431)
sruli@azizyellin.com
AZIZ YELLIN LLP
996 Minnesota Ave., Suite 204
San Jose, CA 95125
(408) 600-0726

Attorney for Plaintiff and Creditor
ILDIKO DIHEN

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | BK Case No: 22-50906 |
| SUSAN BERECZKY, | Adversary Case 23-5001 |
| Debtor. | |
| | **ADVERSARY PROCEEDING** |
| ILDIKO DIHEN, | **ILDIKO DIHEN'S OPPOSITION TO MOTION TO DISMISS, OR, ALTERNATIVELY, FOR LEAVE TO FILE THE ATTACHED SECOND AMENDED COMPLAINT** |
| Plaintiff, | |
| vs. | |
| SUSAN BERECZKY, | |
| Defendant | |

This motion is an attempted "Gotcha" – instead of meeting and conferring with counsel to obtain a solution or stipulation to remedy the issue, Defendant is trying to capitalize on a mistake, and in so doing, perpetuate a fraud on this court. Counsel's simple mistake, Bereczky asserts, is reason to dismiss the complaint in its entirety, and enable her to avoid the serious allegations in this case – that she has secreted and failed to explain $180,500 in income from this court, among other fraudulent activities.

1

**OPPOSITION TO MOTION TO DISMISS, OR ALTERNATIVELY, FOR LEAVE TO FILE THE ATTACHED SECOND AMENDED COMPLAINT**

The interests of justice dictate that the court should deny the motion. Granting the motion would result in a gross miscarriage of justice and facilitate Defendant perpetrating a fraud on this court. Not only would Ms. Dihen be seriously prejudiced by such an order, but so too would all bankruptcy creditors and the US Trustee. As demonstrated in Exhibit 2, Ms. Dihen has failed to disclose *at least* $180,500 in income received in the two years prior to this litigation. The motion fails to address the substance of this fraud in any manner whatsoever, likely intentionally so. A compilation of the evidence showing a small portion of this $180,500 is attached to the Yellin Declaration as Exhibit 2. Granting the motion would thus facilitate Defendant perpetrating a fraud on this court.

To the extent the Court is inclined to grant the motion, Plaintiff asks the Court to do so with leave to amend by simply entering (or allowing Plaintiff to file) the [Proposed] Second Amended Complaint attached hereto as **Exhibit 1**. The Proposed SAC is identical to the FAC with the exception of the deletion of Paragraph 8, which was inadvertently left in. (Plaintiff still does not object or oppose Paragraph 8 from being removed and has removed it in the PROPOSED SAC).

The court should allow the amendment Plaintiff seeks for at least three reasons. First, leave is to be liberally granted in the interests of justice. And here, leave would indeed advance the interests of justice not only for Plaintiff and the other creditors, but the Court itself. Defendant must account for the serious allegations alleged in this case. Otherwise, she will be getting away with fraud.

Second, Defendant does not contend – nor could she plausibly do so – that allowing further amendment would be prejudicial. Discovery has not yet begun, and Defendant has not filed an answer.

AZIZ YELLIN LLP
996 MINNESOTA AVE., SUITE 204
SAN JOSE, CA 95125
TELEPHONE: (408) 429-2789

Third, Defendant Bereczky has not even asked for a dismissal with prejudice. Granting Defendant a windfall in the form of dismissal with prejudice would be rewarding a fraud with a windfall she has not even requested.

Accordingly, Plaintiff Bereckzy asks that this Court deny the motion in its entirety. To the extent the court is inclined to grant the motion, particularly in light of the inadvertent inclusion of Paragraph 8 in the FAC, the Court should do so with leave, and enter the [Proposed] SAC, ordering Plaintiff to file her answer within 21 days as required by the rules.

Dated: May 15, 2023      AZIZ YELLIN LLP

_____
Sruli Yellin
Attorney for Plaintiff Ildiko Dihen