Stanley A. Zlotoff, State Bar No. 073283
Attorney at Law
300 S. First St. Suite 215
San Jose, CA 95113
zlotofflaw@gmail.com
Telephone (408) 287-5087
Facsimile (408) 287-7645

Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re | Chapter 7 |
| Susan Bereczky, | |
| Debtor. | Case No: 22-50906 SLJ |
| Ildiko Dihen, | |
| | Adv. Pro. No. 23-5001 |
| Plaintiff, | Date: May 30, 2023 |
| Vs. | |
| Susan Bereczky, | Time: 1:30 p.m. |
| Defendant. | |

REPLY IN SUPPORT OF MOTION TO DISMISS

The Court set a deadline of April 3 for Plaintiff's amended complaint. Plaintiff failed to honor the Court's deadline, and proposes essentially that the Court ignore that error, and instead focus on the alleged merits of her case, as embodied in the late filed Second Amended Complaint.

When a party seeks relief from a proceeding due to mistake or inadvertence, then Rule 60(b)F.R.Civ.P., made applicable by Bankruptcy Rule 9024, is triggered.

The seminal 60(b) authority is <u>Pioneer Inv.Serv. v Brunswick Assoc.</u>, 507 U.S.380,395(1993), and it sets forth a four-factor test, including this factor: "the reason for the delay, including whether it was within the reasonable control of the movant."

The bankruptcy court is not obligated to give equal weight to the four Pioneer factors. Rather, using its discretion the court must weigh the factors and then determine whether Plaintiff's neglect should be excused. <u>In re PG&E</u>, 331 B.R.915,919(N.D. CA 2005). In *PG&E* no relief was given to a creditor, who, having been duly served with notice of commencement of the bankruptcy, failed to timely file a proof of claim. Similarly, excusable neglect was not found where failure of counsel to diligently check the docket resulted in a late filed appeal. <u>In re Christiansen</u>, 2007 Bankr. LEXIS 4823, BAP No. 07-1120 and 07-1121,*14 and fn12(9th Cir. BAP 11/5/2007).

The bankruptcy court may not base Rule 60(b) relief on the merits of the late filed complaint. <u>In re Wylie</u>, 349 B.R. 204,210(9th Cir. BAP 2006). In the context of a failure to appear at the hearing on the debtor's objection to the creditor's claim and the creditor's excuse that the objection

- 2 -
Case: 23-05001   Doc# 16   Filed: 05/22/23   Entered: 05/22/23 19:34:24   Page 2 of 3

was without merit, *Wylie* explained that "the merits of the claim objection are no longer fair game unless the claimant first establishes a good excuse, cognizable under FRCP 60(b), for its failure to timely contest the objection." *Id.*

Here, the Court must first determine whether Plaintiff's late filing of her Second Amended Complaint may be excused, before this matter may proceed to the merits.

Dated: 5/21/2023 <u>/s/Stanley Zlotoff</u>