Stanley A. Zlotoff, State Bar No. 073283
Attorney at Law
300 S. First St. Suite 215
San Jose, CA 95113
zlotofflaw@gmail.com
Telephone (408) 287-5087
Facsimile (408) 287-7645

Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re | ) Chapter 7 |
| Susan Bereczky, | ) |
|     Debtor. | ) Case No: 22-50906 SLJ |
| _____ | / |
| Ildiko Dihen, | ) |
| | ) Adv. Pro. No. 23-5001 |
|     Plaintiff, | ) Date: July 18, 2023 |
| Vs. | ) Time: 1:30 p.m. |
| Susan Bereczky, | ) |
|     Defendant. | ) |
| _____ | / |

    RESPONSE TO MOTION TO ALLOW LATE FILED AMENDED COMPLAINT

**Facts**

    On March 16, 2023, as Docket No. 7, the Court entered its Order sustaining Debtor's Motion to Dismiss. On page 8 of the Order, in the last sentence, the following was recited:

"Plaintiff may file an amended complaint no later than April 3, 2023." Notwithstanding this clear directive, Plaintiff failed to file an amended complaint until April 13, 2023

The only excuse given for the late filing was: "My office inadvertently calendared the due date for the First Amended Complaint as April 13, 2023, instead of April 3, 2023." Declaration of Plaintiff's attorney, filed June 16, 2023, as Docket No. 19, on page 1, at lines 23-25.

PLAINTIFF SHOULD NOT BE GRANTED RELIEF FROM HER MISTAKE OR INADVERTENCE

When a party seeks relief from a proceeding due to mistake or inadvertence, then Rule 60(b)(1)F.R.Civ.P., made applicable by Bankruptcy Rule 9024, is triggered. It provides that a motion for relief from an order or proceeding must be made within a "reasonable time" not longer than one year after the triggering event. In re Williams, 287 B.R. 787,792(9th Cir. BAP 2002)

The seminal 60(b)(1) authority is Pioneer Inv.Serv. v Brunswick Assoc., 507 U.S.380,395(1993), and it sets forth a four-factor test to establish excusable neglect: (1)the danger of prejudice to the non-movant,(2)the length of delay and its potential impact on judicial proceedings,(3)the reason for the delay including whether it was within the reasonable control of the movant, and (4)whether the movant acted in good faith.

The bankruptcy court is not obligated to give equal weight

to the four *Pioneer* factors. Rather, using its discretion the court must weigh the factors and then determine whether movant's neglect should be excused. <u>In re PG&E</u>, 331 B.R.915,919(N.D. CA 2005).

Here, only the *Pioneer* factor dealing with the reason for the negligence or inadvertance is in issue.

NO ADEQUATE REASON IS GIVEN FOR THE CALENDARING ERROR

Plaintiff's excuse is simply that his "office" miscalendared the deadline for filing an amended complaint. That excuse described negligence, but notwhat made the negligence excusable.

Clearly the attorney would have read the Order, and so would have seen the deadline standing by itself on page 8. Yet, he faults his office without specifying what made the error excusable, and moreover, he fails to explain what he did or didn't do to ensure that no error would be made. For example, who miscalendared the date; was there a calendaring system in place, and if so had it malfunctioned before; why was there an error made, and who made it; was the office staff experienced ; and did the attorney in charge properly supervise the office staff.

In <u>Pincay v. Andrews</u>, 389 F.3d 853,859(9th Cir. 2004), the Court of Appeal en banc sustained the trial court's finding that a movant's calendaring error would be excused; however, it did so based on a record in which the movant had characterized

the reason for the error as the failure of a "carefully designed calendaring system operated by experienced paralegals that heretofore had worked flawlessly."

In In re Walker, 332 B.R. 820(Bankr. NV 2005), Judge Markell declined to find excusable neglect for a failure to appear that was allegedly caused by a secretary's calendaring error. Distinguishing *Pincay*, *Walker* reasoned as follows: "In *Pincay*, the attorney produced evidence that he had relied on a well functioning, established calendaring system operated by experienced paralegals. By contrast, the {movant's} Motion presents no evidence of any system used to prevent such mistakes, or the experience level of {movant's}secretary. {quoting from *Moore's Federal Practice* Section 60.41{1}{c}{ii}(3d ed. 2005} 'Mistakes resulting from institutionalized procedures, or lack of quality control type of procedures, are not 'excusable.'" *Id* p.831.

Additionally, the attorney in *Walker* failed to offer "any excuse for his own neglect, such as any reason for his negligence in failing to discover and thus prevent the error." *Id.*

In D&S Family Preservation Trust v. United States, 2 F.Supp.2d 1320(D. OR 1998), the movants' attorney represented that the calendaring error was caused by the deadline extending into a new year, so that when he transcribed the deadline into his new calendar, he inadvertantly noted the deadline to be in

February rather than in January.  The motion to allow a late filing of an appeal was denied, because the movants did not "submit any fact in support of a finding that the neglect of counsel in miscalendaring the expiration date for the filing of the appeal was 'excusable.'" *Id at p.1332*

Here, Plaintiff rested the Motion for relief solely based on law office negligence, without providing facts to show why that negligence should be excused.

THE MERITS OF THE CASE ARE NOT AT ISSUE IN A 60(b)(1) MOTION

The bankruptcy court may not base Rule 60(b) relief on the merits of the late filed Objection.  <u>In re Wylie</u>, 349 B.R. 204,210(9th Cir. BAP 2006).  In the context of a failure to appear at the hearing on the debtor's objection to the creditor's claim and the creditor's excuse that the objection was without merit, *Wylie* explained that "the merits of the claim objection are no longer fair game unless the claimant first establishes a good excuse, cognizable under FRCP 60(b), for its failure to timely contest the objection." *Id.* Although the prejudice factor weighed in favor of the movant, because of the length of delay and inadequate reason for it, the motion was denied.

CONCLUSION

Plaintiff's Motion should be denied.

Dated:  7/3/2023                       /s/Stanley Zlotoff